UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES PUCKETT | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| WALMART INC. | * | MAGISTRATE |

_____

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes JAMES PUCKETT, who brings this action for damages against defendant, WALMART INC., and who alleges and states the following:

**PARTIES**

1. Petitioner, James Puckett is a person of the full age of majority and domiciliary of East Baton Rouge Parish, State of Louisiana.

2. At all pertinent times, Petitioner was domiciled in Baton Rouge, Louisiana and was a citizen of East Baton Rouge Parish in the State of Louisiana, which is located within the district of the United States District Court for the Middle District of Louisiana.

3. Walmart Inc. is a Delaware corporation organized and existing under the laws of the State of Arkansas with its principal place of business in the State of Arkansas, whose agent for service of process is C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

**JURISDICTION**

4. The jurisdiction of this Honorable Court is invoked pursuant to 28 USC § 1332 as full diversity of citizenship exists among the parties. Furthermore, the amount in controversy is

greater than seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs. Additionally, Defendant is subject to personal jurisdiction in the United States District Court for the Middle District of Louisiana.

## VENUE

5. Venue is proper pursuant to 28 USC § 1391 (b)(D)(2), because Petitioner resides in this district and the Defendant is a foreign corporation which resides in other states.

## STATEMENT OF THE CASE

6. On the 24th day of June, 2020, James Puckett was in the course and scope of his employment with U.S. Express, delivering merchandise to a store owned and/or operated by Walmart, Inc. located at 14507 Plank Road, Baker, Louisiana, 70714.

7. After completing his delivery, he presented paperwork for confirmation of the delivery to the Wal-Mart employee who received the delivery and began to secure his vehicle.

8. The Walmart employee pulled the dock door down onto the person of James Puckett while Mr. Puckett was in the Walmart employee's direct line of sight and when said employee knew to a substantial certainty his act would cause Mr. Puckett to sustain a harmful contact to his person and resulting damages.

9. The cause of the above-described incident and resulting damages was the voluntary and intentional act committed by the Wal-Mart employee.

10. In the alternative, the cause of the above-described incident and resulting damages was the negligence of the Wal-Mart, Inc., and its employee which negligence is more particularly but not exclusively:

    a. Failure to maintain a reasonably safe and hazard free premises;

    b. Failure to use reasonable care in the maintenance and operation of the store;

    c. Failure to take necessary steps to prevent the incident from occurring including but not limited to failure to properly instruct and train employees not to lower the door which struck Mr. Puckett while people were under it;

    d. Failure to maintain proper safety precautions;

    e. Failure to act reasonably and prudently under the circumstances;

    f. Failure to see what he should have been seen; and

    g. Other acts of negligence and such liability as is learned in discovery and shown at the trial in this matter.

11. Petitioner specifically invokes the doctrine *res ipsa loquitur* against the defendant cited herein, in that the injuries to complainant were caused by an untoward event which is inexplicable without resort to the presumption of negligence on the part of Walmart, Inc. And it's employee, who knew or should have known of the harm that would be caused by lowering the door onto a person beneath it, said lowering caused the incident sued on herein and the resulting injuries and damages, thus rendering said defendant strictly liable to petitioner.

12. Based upon information and belief, Walmart, Inc. was the master and employer of the person who lowered the door onto Mr. Puckett and therefore is vicariously liable for the actions of its employee under the doctrine of *respondeat superior*.

13. As a result of it's negligence and the actions of its employee, Walmart Inc. is liable to Petitioner for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings.

## **DAMAGES**

14. As a result of this accident, petitioner, James Puckett suffered severe injuries including to his neck, and back.

15.     James Puckett's damages include physical pain and suffering past, present and future, mental anguish and emotional distress past, present and future, loss of enjoyment of life, loss of income and earning capacity, medical expenses, and disability.

## PRAYER FOR RELIF

WHEREFORE, complainant, James Puckett, prays that defendant, Walmart, Inc. be duly cited and served with a copy of this complaint, cited to appear and answer same, and that after all legal delay and due proceedings are had, there be judgment rendered in favor of Petitioner and against Defendant for such damages as are reasonable in the premises, together with legal interest herein from the date of judicial demand until paid and for all cost of these proceedings.

Respectfully submitted:

 */s/ Rick A. Caballero*  ___
Rick Caballero, T.A. Bar Roll #1744
13862 Perkins Road
Baton Rouge, Louisiana 70816
Telephone:     (225) 763-6679
Facsimile:     (225) 763-6591

Jonathan Holloway, Sr. (LSBA No. 26340)
8550 United Plaza Blvd., Suite 702
Baton Rouge, LA   70809
Telephone:  (225) 922-4282
E-Fax:  (225) 612-6463
Email:  Jh@jonathanhollowaylaw.com